**Harmesh Singh SHEEMAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71110.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 29, 2010.*

Filed July 12, 2010.

Hardeep Singh Rai, San Francisco, CA, for Petitioner.

Laura M.L. Maroldy, Jennifer L. Lightbody, Esquire, Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Harmesh Singh Sheemar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Sheemar's motion to reopen because the record indicates that written notice of his July 18, 1996, hearing was personally served on him at his May 9, 1996, hearing, *see* 8 U.S.C. § 1252b(a)(2)(A) (1995), and the evidence submitted with the motion to reopen failed to establish grounds for tolling the 180-day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud, or error, and exercises due diligence in discovering such circumstances). It follows that the agency did not violate Sheemar's due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

Sheemar's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

